## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAITH COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No: _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| MINIMALLY INVASIVE SURGICAL | ) |
| & NEUROSCIENCE CENTER, LLC | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Faith Cooper ("Plaintiff"), files this action against Minimally Invasive Surgical and Neuroscience Center, LLC, ("Defendant") for compensatory and punitive damages for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, ("Title VII"), violations of the Americans with Disabilities Act of 1990 as amended ("ADA"), violations of the Family Medical Leave Act ("FMLA"), violations of the Delaware Workers' Compensation Act and Delaware Wage Payment and Collection Act.

## JURISDICTION

2. This Court has federal question jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Faith Cooper, a resident of New Castle County, Delaware, was at all times relevant to this Complaint, an employee of Defendant.

5. Defendant, Minimally Invasive Surgical and Neuroscience Center, LLC, is a limited liability company organized and operating in Delaware. Defendant's registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## ADMINISTRATIVE PROCESS

6. On September 20, 2021, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and simultaneously with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, disability discrimination and retaliation against Defendant.

7. On March 23, 2022, Plaintiff received a Right to Sue Notice from the DDOL. *See Exhibit A*.

8. On May 31, 2022, Plaintiff received a Right to Sue Notice from the EEOC. *See Exhibit B*.

9. Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS
**Plaintiff Was Subjected to Discrimination on the Basis of Race and Disability**

10. Plaintiff is an African American female.

11. Plaintiff began her employment with Defendant on August 16, 2010, in the position of Post Anesthesia Care Unit Nurse.

12. Plaintiff performed highly during her employment with Defendant.

13. In January of 2014, Plaintiff was promoted to the position of Clinical Director.

14. In her role as Clinical Director, Plaintiff received favorable performance reviews each year.

15. On March 12, 2019, Plaintiff was involved in a slip and fall accident while at work.

16. As a result of her fall, Plaintiff sustained a head concussion with post concussive headaches, dental concussion, right wrist sprain and a left knee contusion.

17. In March of 2019, Plaintiff filed a Workers' Compensation claim with Defendant.

18. On March 19, 2019, Plaintiff returned to work working four hours a day and with a five-pound light duty restriction as recommended by her doctor.

19. On May 23, 2019, Plaintiff was released by her doctor to work full duty and was instructed to take breaks as needed when her disability and symptoms worsened.

20. In late July of 2020, Defendant required Plaintiff to sign a new job description for her position of Clinical Director.

21. Per the new job description, Plaintiff's Clinical Director title remained the same, however, Plaintiff was tasked with additional duties and an increased workload.

22. Defendant also advised Plaintiff that her bonus structure was changed to align with corporate policies and that she would now receive her bonus annually instead of quarterly.

23. Plaintiff came to find out that she was the only manager who did not receive quarterly bonuses.

24. Plaintiff immediately immersed herself in her new job duties and performed them highly.

25. In or around September of 2020, Plaintiff's disabilities worsened.

26. Plaintiff reported to Kristi Keczely, Vice President of Operations and Human Resources, that her disabilities were exacerbated.

27. In or around December of 2020, Plaintiff applied for intermittent leave under the Family Medical Leave Act to allow her to take intermittent leave to tend to her disabilities.

28. Plaintiff's physician Dr. Jessica Bradley and Jaynel Rudd, Nurse Practitioner, completed Plaintiff's FMLA Form which stated in part Plaintiff needed leave on an intermittent basis.

29. Plaintiff additionally formally filled out Defendant's Americans with Disabilities paperwork and requested as a reasonable accommodation intermittent leave and a modified scheduled due to her disabilities.

30. Plaintiff additionally requested as a reasonable accommodation, a temporary transfer to a different position.

31. At all relevant times, Defendant had other positions available Plaintiff could be placed in as a reasonable accommodation.

32. At all relevant times, Defendant could have modified Plaintiff's schedule due to her disabilities and without creating an undue hardship.

33. Defendant failed to timely respond to both of Plaintiff's FMLA request and ADA accommodation request.

34. Plaintiff followed up with Defendant multiple times on the status of her FMLA request and ADA accommodation requests. Defendant still failed to respond.

35. After requesting protected FMLA leave and a reasonable accommodation under the ADA, Plaintiff was retaliated against.

36. Plaintiff's work performance was intentionally scrutinized.

37. On February 18, 2021, Plaintiff was issued a written coaching and correction action.

38. In accordance with the coaching and corrective action form, the level of discipline issued is as follows: First Written, Second Written, Final Written, Suspension and then Termination.

39. On the February 18, 2021, coaching and corrective action form, the next step for reoccurrence is a second written warning.

40. Plaintiff provided a substantive rebuttal to the retaliatory disciplinary action and reported to Defendant she believed the discipline was issued in retaliation for her disability and taking leave under the FMLA.

41. As of May 2021, Defendant had failed to respond to Plaintiff's request for intermittent leave nor her request for a reasonable accommodation regarding her increased duties and responsibilities. Plaintiff again reported that failure to address her accommodation request was exacerbating her disabilities.

42. Plaintiff renewed her reasonable accommodation request for modified job duties or a transfer to a different position to Ms. Carrington and Ms. Keczely.

43. In response, Ms. Keczely stated she would look into other positions, and they would reconvene with another meeting after Plaintiff returned from vacation.

44. On June 4, 2021, the day Plaintiff returned from vacation, Ms. Keczely stated to Plaintiff that there were not any positions from corporate available. Therefore, Plaintiff was terminated effective July 2, 2021.

45. Plaintiff continued to perform her duties highly from June 4, 2021, until her last day of work on July 2, 2021.

46. Prior to Plaintiff's requests, Defendant allowed four Caucasian females in management positions to transition into a staffing position upon their requests.

47. When Plaintiff, an African American female in a management position, requested a different position due to her disabilities, her request was denied on the basis of her race.

48. Defendant terminated Plaintiff on the base of her race, disability and in retaliation for filing a workers' compensation claim.

49. In Plaintiff's position as Clinical Director, Plaintiff was awarded a bonus as part of her salary.

50. At the date of Plaintiff's termination in July of 2021, Plaintiff earned her annual bonus based upon her performance and upon information and belief, the Company's financial performance.

51. Plaintiff was not paid her earned annual bonus.

52. Plaintiff was not paid for her accrued Paid Time Off at the time of her termination in accordance with Defendant's policy.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

## COUNT I
### Discrimination Based on Race in Violation of
### Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*)

53. The allegations of Paragraphs 1 through 52 are incorporated by reference as if fully restated herein.

54. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

55. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 2000e(f).

56. Plaintiff received a Right to Sue letter from the EEOC on May 31, 2022.

57. Plaintiff has satisfied all statutory prerequisites for filing this action.

58. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII of the Civil Rights Act of 1964.

59. Defendant subjected Plaintiff to disparate treatment based upon her race, including, but not limited to, denying Plaintiff job opportunities, interfering with her leave and accommodation requests on the basis of her race, and terminating her on the basis of her race.

60. Defendant allowed four Caucasian female employees to transition from management to staffing positions upon their request.

61. When Plaintiff, an African American female employee, requested as a reasonable accommodation a transition from a management to staffing position, Plaintiff's request was denied on the basis of her race.

62. Defendant's conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance and/or otherwise adversely affected Plaintiff's employment opportunities in violation of Title VII.

63. As a direct result of the discriminatory and wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer from lost wages, severe emotional distress, humiliation, anxiety, irreparable damage to her professional career and economic loss.

## COUNT II
### Discrimination in Violation of the Americans with Disabilities Act of 1990
### (42 U.S.C. §12101 *et seq.*)

64. The allegations of paragraphs 1 through 63 are incorporated by reference as if full restated herein.

65. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(3).

66. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 12111(4).

67. Plaintiff received a Right to Sue letter from the EEOC on May 31, 2022.

68. Plaintiff has satisfied all statutory prerequisites for filing this action.

69. Under the Americans with Disabilities Act, "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to the discharge of employees and other terms, conditions and privileges of employment. 42 U.S.C. § 12112(a).

70. Plaintiff was disabled as defined under the ADA.

71. Plaintiff suffered from a head concussion with post concussive headaches, dental concussion, right wrist sprain and left knee contusion as a result of her on the job injury.

72. Plaintiff is a "qualified individual" who could perform the essential functions of her position with a reasonable accommodation of intermittent leave to tend to her disabilities, modified work duties and/or change in staffing position.

73. Plaintiff suffered an adverse employment action as a result of Defendant's disability discrimination, when Defendant questioned and interfered with her reasonable accommodation requests and when it terminated Plaintiff for requesting reasonable accommodations under the ADA.

74. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including, but not limited to, emotional distress, past and future lost wages and benefits, as well as punitive damages and attorneys' fees.

## COUNT III
### Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990
### (42 U.S.C § 12101, *et seq.*)

75. The allegations of paragraphs 1 through 74 are incorporated by reference as if fully restated herein.

76. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(5).

77. At all times relevant hereto, Plaintiff was employed by Defendant and is an employee as defined by 42 U.S.C. § 12111(4).

78. Plaintiff received a Right to Sue Letter from the EEOC on May 31, 2022. Plaintiff has satisfied all statutory perquisites for filing this action.

79. 42 U.S.C. § 12112(b)(5)(A) provides an employer must make reasonable accommodations to the known physical or mental limitations of a qualified individual with a disability.

80. Plaintiff was disabled as defined under the Americans with Disabilities Act.

81. Plaintiff is a "qualified individual" who could perform the essential functions of her position, provided she was granted her reasonable accommodation requests.

82. Defendant was aware of Plaintiff's disability and requests for accommodations when she requested leave both under the Family Medical Leave Act and the Americans with Disabilities Act.

83. Plaintiff provided numerous medical documents regarding her limitations from her disabilities and further tried to engage in conversations with Defendant regarding the details of her disabilities until her termination. Plaintiff was ignored.

84. Defendant was required to initiate an interactive process with Plaintiff to identify the limitations resulting from her disabilities and potential reasonable accommodations that could overcome those limitations.

85. Instead of working with her, Defendant failed to engage in the interactive process, and ultimately terminated her in violation of 42 U.S.C. § 12112.

86. Defendant has not stated an undue hardship it would have suffered by allowing Plaintiff to continue to take intermittent leave, provide Plaintiff with modified duties or to transfer Plaintiff into another position.

87. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including, but not limited to, emotional distress, past and future lost wages and benefits, as well as punitive damages and attorney's fees.

## COUNT IV
### Violations of the Family Medical Leave Act
### 29 U.S.C. § 2601 *et seq*. ("FMLA")

88. The allegations of paragraphs 1 through 87 are incorporated by reference as if fully restated herein.

89. Defendant employs fifty or more employees and is an "Employer" as defined by 29 U.S.C. § 2611 (4).

90. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Eligible Employee" as defined by 29 U.S.C. § 2611 (2).

91. "Leave" under the Act shall be granted to a qualified employee for a serious health condition that renders employees unable to perform their job." 29 U.S.C. § 2612.

92. Qualified employees are permitted 12 weeks or 480 hours of leave. Further, this leave can be "intermittent" or "continuous." 29 U.S.C. §2612(b).

93. The FMLA states, [e]xamples of intermittent leave would include leave taken on an occasional basis for medical appointments or leave taken several days at a time spread over a period of six months. 29 C.F.R. § 825.202(b)(1).

94. Plaintiff requested intermittent FMLA leave from Defendant.

95. Plaintiff's actions and requests for leave were in direct accordance with her rights under the FMLA.

96. Under 29 U.S.C. § 2615(a), it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the FMLA, and it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA.

97. Defendant interfered with Plaintiff's right to FMLA leave when it failed to timely respond to her FMLA requests.

98. Defendant retaliated against Plaintiff for requesting FMLA leave.

99. Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continued to willfully, or with reckless disregard, violated the FMLA and applicable regulations.

100. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including, but not limited to, emotional distress, past and future lost wages and benefits, as well as punitive damages and attorney's fees.

## COUNT V
## Violations of Delaware's Workers' Compensation Act

101. The allegations of paragraphs 1 through 100 are incorporated by reference as if fully restated herein.

102. 19 *Del. C.* § 2365 makes it unlawful for an employer to retaliate in any manner against an employee because that employee has filed for workers' compensation.

103. Plaintiff exercised her rights under the Delaware Workers' Compensation Act when she filed a Workers' Compensation claim against Defendant in March of 2019.

104. Defendant took adverse action against Plaintiff when it terminated her.

105. There was a causal connection between Plaintiff's exercise of rights and her termination as evidenced by the temporal proximity and antagonism and retaliatory animus toward Plaintiff.

## COUNT VI
### Violation of the Delaware Wage Payment and Collection Act
### 19 *Del. C.* § 1101 et. al.

106. The allegations of paragraphs 1 through 105 are incorporated by reference as if fully restated herein.

107. Defendant is an employer within the meaning of 19 *Del. C.* § 1101(a)(4).

108. Upon information and belief, Defendant knowingly violated 19 *Del. C.* § 1101(a)(4).

109. The bonus and accrued paid time off owed to Plaintiff is considered wages under 19 *Del. C.* § 1102(a), (b).

110. Defendant has not paid the earned and accrued wages after they were required to be paid in violation of 19 *Del. C.* § 1102(a), (b) and 19 *Del. C.* § 1103(a).

111. Plaintiff has been damaged in violation of 19 *Del. C.* § 1102(a), (b) and 19 *Del. C.* § 1103(a), by Defendant.

112.    By failing to pay Plaintiff's bonus and accrued paid time off, Defendant is liable to Plaintiff pursuant to the Delaware Wage Payment and Collection law, 19 *Del. C*. §§ 1101, *et seq*. Defendant is thereby liable for actual and liquidated damages to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court order the following relief in favor of Plaintiff:

A.   Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B.   Award Plaintiff any and all consequential damages, including but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.

C.   Award Plaintiff all compensation due as a result of Defendant's violations herein.

D.   Award Plaintiff punitive damages.

E.   Award Plaintiff an equal and additional amount as liquidated damages.

F.   Award Plaintiff costs and reasonable attorney's fees.

G.   Award Plaintiff pre and post judgment interest at the legal rate.

H.   Any and all such other relief as the Court deems appropriate under the circumstances.

*{Signature Line on Following Page}*

                                                **ALLEN & ASSOCIATES**

                                                */s/ Michele D. Allen*
Michele D. Allen (#4359)
Emily A. Biffen (#6639)
4250 Lancaster Pike, Suite 230
Wilmington, DE 19805
302-234-8600
302-397-3930 (fax)
michele@allenlaborlaw.com
emily@allenlaborlaw.com
*Attorneys for Plaintiff*

DATED:     June 29, 2022